**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Larry G. Harvin, #253468     )<br>                                              )<br>         Petitioner,                    )<br>                                              )<br>v.                                           )<br>                                              )<br>Colie L. Rushton, Warden of    )<br>McCormick Correctional Institution;   )<br>and Henry D. McMaster, Attorney  )<br>General of the State of South Carolina;)<br>                                              )<br>         Respondents              )<br>_____) | C/A No. 3:03-688-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter is before this Court on petitioner's motion to vacate the Court's January 16, 2004 Order granting summary judgment for defendants and dismissing the petition brought under 28 U.S.C. § 2254. The petitioner filed the present motion on December 7, 2006 pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Petitioner argues that the Court's order of January 16, 2004 is "void" because he was not required to appeal the dismissal of his state PCR case to the South Carolina Supreme Court. This argument has already been considered and rejected by this Court and by the 4th Circuit Court of Appeals by its Order of June 3, 2004 denying petitioner a certificate of appealability.

28 U.S.C. § 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Rule 227(a), South Carolina Appellate Court Rules, states that "[a] final decision entered under the Post-Conviction Relief Act shall be reviewed by the Supreme Court upon petition of either party for a writ of certiorari, according to the procedure set forth in this Rule." Petitioner admits that he did not appeal the dismissal of his PCR case to the South Carolina Supreme

1

Court.

Petitioner argues that in *In re Exhaustion of State Remedies in Criminal and Postconviction Relief Cases*, 321 S.C. 563 (1990), the South Carolina Supreme Court held that "in all appeals from criminal convictions or postconviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error."  The petitioner may be correct regarding exhaustion for purposes of South Carolina state law, but 28 U.S.C. § 2254(c) requires that a federal habeas petitioner use "any available procedure" in order to exhaust state remedies.  Petitioner here could have appealed the PCR dismissal to the state supreme court, so he has failed to exhaust state remedies.

IT IS THEREFORE ORDERED that petitioner's motion to vacate judgment be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January 11, 2007

2

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.